264

McNeeley, Plaintiff-Appellee, *v.* Alvin Construction Company, Defendant-Appellant.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 26039.   Decided January 17, 1963.

*Mr. Pat J. Columbro,* for plaintiff-appellee.
*Mr. John H. Bever,* for defendant-appellant.

(Radcliff, P. J., Collier and Brown, JJ., of the Fourth District, sitting by designation in the Eighth District.)

Radcliff, P. J.   This appeal is from a judgment of the Municipal Court of Berea in favor of the plaintiff, appellee herein, in the sum of $1370.00 against the defendant, appellant herein. The plaintiff initiated this suit by filing his petition praying for $4900.00 damages from the defendant for breach of contract.

Plaintiff had entered into a contract for the purchase of a lot from and the erection of a home by the defendant in Brookpark Village. The house was completed, accepted and occupied by the plaintiff on October 18, 1957. Some differences arose between parties thereafter. These differences were settled on March 26, 1959. A release was executed on that date. It is important to this cause and will be included in full. It reads as follows:

"In consideration of the sum of One Dollar and other valuable consideration received of the ALVIN CONSTRUCTION COMPANY, I do hereby release it from all actions, claims, damages and demands whatsoever which I now have arising out of the construction by the said ALVIN CONSTRUCTION COMPANY of a certain dwelling located at 16333 Remora Blvd., Brook Park, Ohio; and I specifically reserve rights as to future claims which may arise out of hidden dangers or latent defects at present unknown to me and which I cannot now discover by reasonable inspection of the premises, including deviations from approved grade line and errors in surveying lot.

"IN WITNESS WHEREOF, I hereby set my hand at Cleveland, Ohio this 26th day of March 1959.

/s/ James McNeeley"

The problem of the grade of the yard now emerges as the contention between the parties. The defendant's answer was a specific denial of all plaintiff's allegations for want of knowledge. On the issues thus joined trial was had to the court sitting as both judge and jury. (How this came about is a mystery to us. The record is silent on this rather important procedural aspect.) Trial started on December 19, 1961. It was heard again on January 17, 1962, including a night session until 9:00 P. M. Then again on January 27, 1962. Final testimony was taken on March 2, 1962. On April 3, 1962, the court announced his decision. The defendant requested findings of fact and conclusions of law by the trial judge on the same day. The notice of appeal was filed by the defendant on April 16, 1962, ten days prior to the filing of the findings of fact and conclusions of law by the trial judge. Entries are not included in the record before us so we must surmise that a judgment was entered in favor of the plaintiff and against the defendant in

the sum of $1370.00 (although in the finding of fact signed by the trial judge he found the damage to be $1390.00) some time after April 3, 1962, and some time before April 16, 1962, the date of the notice of appeal.

The defendant urges the following assignments of error:

1. The court should have granted defendant's motion on the pleadings and on the opening statement.

2. The court should have granted defendant's motion for judgment at the conclusion of plaintiff's case.

3. Judgment is contrary to law and against the weight of the evidence.

4. The judgment is excessive and was given under the influence of passion and prejudice.

5. There are other prejudicial errors occurring at the trial and to which the defendant duly excepted.

We will pass upon the questions as they are presented. The bill of exceptions herein (471 pages plus 32 exhibits) contains all that transpired at the trial (except plaintiff's opening statement). The error was not preserved if it did exist. Judgment on the pleadings was never requested by either side. This assignment of error is not well taken.

The second urged error was waived by defendant as it proceeded to put on its defense rather than resting at that point. This assignment of error is not well taken.

We do not feel that the judgment is against the manifest weight of the evidence or contrary to law. The court sat as judge and jury. He was the trier of the facts. He apparently believed some witnesses and disbelieved others. He had that right. We do not. Neither can we substitute our opinion or judgment for his. He had the right to test the facts by every means. We can only weigh the evidence. Certainly there is evidence in this record to support the conclusion reached. This assignment is not well taken.

The fourth assignment of error is not well taken. A gratuitous statement made by a trial judge while exploring possibility of settlement after a view of the premises does not, in our mind, indicate passion or prejudice. The amount of the judgment was well within the prayer of the petition and the testimony of the witnesses.

There is not a legal question presented in this appeal. This cause presents only issues of fact and questions of credibility. We feel that there is no prejudicial error in this record and we hereby affirm the judgment appealed from.

Judgment affirmed.

COLLIER and BROWN, JJ., concur.